# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:18−mc−91094−ADB

In Re Application for Order Enforcing a Subpoena
Assigned to: Judge Allison D. Burroughs
Referred to: Magistrate Judge Jennifer C. Boal

Date Filed: 03/09/2018

**Plaintiff**

**NORFOLK COUNTY COUNCIL**
*as Administering Authority of the NORFOLK PENSION FUND*

represented by **J. Marco Janoski Gray**
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
619−231−1058
Fax: 619−231−7423
Email: mjanoski@rgrdlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susannah R. Conn**
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
619−231−1058
Fax: 619−231−7423
Email: sconn@rgrdlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theodore M. Hess−Mahan**
Hutchings, Barsamian, Cross and Mandelcorn, LLP
110 Cedar St.
Wellesley Hills, MA 02481
781−431−2231
Fax: 781−431−8726
Email: thess−mahan@hutchingsbarsamian.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

represented by **John F. Sylvia**
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
One Financial Center

Boston, MA 02111  
617–542–6000  
Fax: 617–542–2241  
Email: jfsylvia@mintz.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/09/2018 | Ï 1 | APPLICATION for an order enforcing a subpoena Filing fee: $ 47, receipt number 0101–7042652 (Fee Status: Filing Fee paid) (Attachments: # 1 Text of Proposed Order) (Hess–Mahan, Theodore) (Entered: 03/09/2018) |
| 03/09/2018 | Ï 2 | ELECTRONIC NOTICE of Case Assignment. Judge Allison D. Burroughs assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jennifer C. Boal. (Danieli, Chris) (Entered: 03/09/2018) |
| 03/09/2018 | Ï 3 | MEMORANDUM OF LAW by NORFOLK COUNTY COUNCIL to 1 Application for an order enforcing a subpoena. (Hess–Mahan, Theodore) (Entered: 03/09/2018) |
| 03/09/2018 | Ï 4 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered. REFERRING CASE to Magistrate Judge Jennifer C. Boal to rule on Motion to compel third party Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. to produce documents responsive to plaintiff's subpoena duces tecum. (Folan, Karen) (Entered: 03/09/2018) |
| 03/09/2018 | Ï 5 | AFFIDAVIT in Support re 1 Application for an order enforcing a subpoena . (Attachments: # 1 Exhibit A, # 2 Exhibit B [REDACTED], # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Hess–Mahan, Theodore) (Additional attachment(s) added on 3/16/2018: # 15 Exhibit B filed under sealed (allowed by 11 Order)) (Montes, Mariliz). (Entered: 03/09/2018) |
| 03/09/2018 | Ï 6 | MOTION to Seal Document *MOTION TO IMPOUND CONFIDENTIAL MATERIALS IN SUPPORT OF ITS MOTION TO COMPEL THIRD PARTY MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. TO PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFFS SUBPOENA DUCES TECUM* by NORFOLK COUNTY COUNCIL. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Hess–Mahan, Theodore) (Entered: 03/09/2018) |
| 03/09/2018 | Ï 7 | MOTION to Transfer Case to United States District Court for Central District of California. by NORFOLK COUNTY COUNCIL. (Attachments: # 1 Text of Proposed Order)(Hess–Mahan, Theodore) (Entered: 03/09/2018) |
| 03/09/2018 | Ï 8 | MEMORANDUM in Support re 7 MOTION to Transfer Case to United States District Court for Central District of California. filed by NORFOLK COUNTY COUNCIL. (Hess–Mahan, Theodore) (Entered: 03/09/2018) |
| 03/09/2018 | Ï 9 | AFFIDAVIT of Theodore M. Hess–Mahan, Esq. in Support re 7 MOTION to Transfer Case to United States District Court for Central District of California. filed by NORFOLK COUNTY COUNCIL. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Hess–Mahan, Theodore) (Entered: 03/09/2018) |
| 03/09/2018 | Ï 10 | CERTIFICATE OF SERVICE pursuant to LR 5.2 by NORFOLK COUNTY COUNCIL re 9 Affidavit in Support of Motion, 5 Affidavit in Support, 3 Memorandum of Law, 7 MOTION to Transfer Case to United States District Court for Central District of California., 6 MOTION to Seal Document *MOTION TO IMPOUND CONFIDENTIAL MATERIALS IN SUPPORT OF ITS MOTION TO COMPEL THIRD PARTY MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND* |

| | | |
|---|---|---|
| | | *POPEO, P.C. TO PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFFS SUBPOENA DUCES TECUM*, 1 Application for an order enforcing a subpoena, 8 Memorandum in Support of Motion . (Hess−Mahan, Theodore) (Entered: 03/09/2018) |
| 03/14/2018 | 11 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 6 Motion to Seal Document (Folan, Karen) (Entered: 03/14/2018) |
| 03/16/2018 | 12 | AFFIDAVIT OF SERVICE Executed by NORFOLK COUNTY COUNCIL. Acknowledgement filed by NORFOLK COUNTY COUNCIL., ACKNOWLEDGMENT OF SERVICE Executed by NORFOLK COUNTY COUNCIL. Acknowledgment filed by NORFOLK COUNTY COUNCIL. (Hess−Mahan, Theodore) (Entered: 03/16/2018) |
| 03/16/2018 | 13 | MOTION for Leave to Appear Pro Hac Vice for admission of Susannah R. Conn and J. Marco Janoski Gray Filing fee: $ 200, receipt number 0101−7052834 by NORFOLK COUNTY COUNCIL. (Attachments: # 1 Certification of Good Standing, # 2 Certificate of Good Standing)(Hess−Mahan, Theodore) (Main Document 13 replaced as originial document wasn't signed on 3/16/2018) (McDonagh, Christina).. (Entered: 03/16/2018) |
| 03/16/2018 | 14 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 13 Motion for Leave to Appear Pro Hac Vice Added Susannah R. Conn, J. Marco Janoski Gray. **Pursuant to Local Rule 83.5.3, local counsel shall also file an appearance in this matter. Further, local counsel shall review all filings and shall personally appear in Court for any hearings or conferences, unless expressly excused by the Court for good cause. Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (McDonagh, Christina) (Entered: 03/16/2018) |
| 03/23/2018 | 15 | NOTICE of Appearance by John F. Sylvia on behalf of MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. (Sylvia, John) (Entered: 03/23/2018) |
| 03/23/2018 | 16 | *Opposition* Response by MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. to 1 Application for an order enforcing a subpoena . (Sylvia, John) (Entered: 03/23/2018) |
| 03/23/2018 | 17 | DECLARATION re 16 Response *(Declaration of John F. Sylvia)* by MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Sylvia, John) (Entered: 03/23/2018) |
| 03/23/2018 | 18 | MEMORANDUM in Opposition re 7 MOTION to Transfer Case to United States District Court for Central District of California. filed by MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.. (Sylvia, John) (Entered: 03/23/2018) |
| 03/23/2018 | 19 | DECLARATION re 18 Memorandum in Opposition to Motion *(Declaration of John F. Sylvia)* by MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.. (Sylvia, John) (Entered: 03/23/2018) |
| 03/26/2018 | 20 | ELECTRONIC NOTICE Setting Hearing on Motion. A Motion Hearing re: 1 APPLICATION for an order enforcing a subpoena, is set for April 19, 2018 at 11:30 a.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 03/26/2018) |
| 03/26/2018 | 21 | ELECTRONIC NOTICE issued requesting courtesy copy for 3 Memorandum of Law, 5 Affidavit in Support,, 16 Response, 17 Declaration. Counsel who filed these documents are requested to submit a courtesy copy of the documents to the Clerk's Office by close of business on March 28, 2018. **These documents must be bound in a binder, clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** . (York, Steve) (Entered: 03/26/2018) |
| 03/26/2018 | 22 | |

| | | |
|---|---|---|
| | | Notice of correction to docket made by Court staff. Correction: Docket entry 21 Notice requesting courtesy copy, was entered in error as to this case. The parties can ignore this request for courtesy copy. (York, Steve) (Entered: 03/26/2018) |
| 03/28/2018 | 23 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 7 Motion to Transfer Case.<br><br>Plaintiff has filed a motion to compel the production of documents from non−party Mintz Levin ECF No. 1 in connection with litigation pending in the Central District of California. See Hsingching Hsu v. Puma Biotechnology, Inc., et al., 8:15−cv−00865−AG−JCG (C.D. Cal.). The subpoena essentially seeks documents related to a Mintz Levin attorney's participation in conducting due diligence for the defendant Puma's stock offering. Plaintiff has also sought to transfer its motion to compel to the court managing the underlying litigation. ECF No. 7 . Fed. R. Civ. P. 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Although Mintz Levin has not consented to transfer, the Court finds exceptional circumstances that warrant transferring the motion to compel to the Central District of California.<br><br>The Advisory Committee Notes to Rule 45(f) explain that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena−related motions." Transfer may be warranted "in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Id. In analyzing the circumstances of the case, courts consider factors including "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." Judicial Watch, Inc. v. Valle Del Sol, Inc., 307 F.R.D. 30, 34 (D.D.C. 2014); Cadence Pharmaceuticals, Inc. v. Multisorb Technologies, Inc., 2016 WL 4267567, at *4 (W.D.N.Y. Aug. 15, 2016) (same).<br><br>Here, the underlying litigation is a complex shareholder class action that has been pending for nearly three years concerning false and misleading statements made by defendant Puma in connection with its clinical drug trials. Given that Mintz Levin raises relevance objections to the motion to compel, both the complexity of the underlying action and the issuing court's familiarity with case support the requested transfer. See Wultz v. Bank of China, Ltd, 304 F.R.D. 38, 46 (D.D.C. 2014) (transfer was warranted "[d]ue to the highly complex and intricate nature of the underlying litigation" and the issuing court's "familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation"); XY, LLC v. Trans Ova Genetics, L.C., 307 F.R.D. 10, 12 (D.D.C. 2014) ("[T]he relevance argument advanced emphasizes the need for the court where the underlying matter lies to decide the matter." (quoting Patriot Nat. Ins. Grp. v. Oriska Ins. Co., 973 F. Supp. 2d 173, 176 (N.D.N.Y. 2013))).<br><br>The timing of discovery also favors transfer, because fact discovery has already closed as of January 2018, and trial is scheduled for November 2018. See Cadence, 2016 WL 4267567, at *6 ("While [the compliance court] strives for prompt dispositions, the issuing court would be in a better position to adjudicate this matter within the existing deadlines or to extend the discovery schedule in light of this matter."); cf. XY, LLC, 307 F.R.D. at 12 (transferring motion where the court managing underlying litigation "has already supervised substantial discovery and begun preparations for trial").<br><br>Moreover, Plaintiff asserts that there is a motion pending in the issuing court for additional discovery from the FDA regarding data that Puma's CEO provided to the Mintz Levin attorney whose documents are the subject of the instant motion. Plaintiff represents that the relevant facts in that discovery motion (which are sealed) are also pertinent to the resolution of the instant motion. Although the Court acknowledges that Plaintiff has not stated clearly the substantive overlap |

between the pending motions, given the confidential nature of the filings, the Court will accept Plaintiff's representation that the sealed facts "are pertinent to the resolution of this motion to compel against Mintz Levin," and therefore there is a risk that a decision by this court will unduly impact issues pending before the court managing the underlying litigation. Taken together, the complexity of the case, the timing of discovery, and the familiarity of the issuing court with the case, all support the finding of exceptional circumstances that warrant transferring the motion to compel.

Furthermore, the burden on Mintz Levin is minimal, considering that it is an international law firm with multiple offices in California and substantial experience litigating in the Central District of California. See XY, LLC, 307 F.R.D. at 12 (presumption in favor of local resolution "carried less force" where non−party was "a national corporation rather than an individual resident of the local jurisdiction" (quoting In re Subpoena to Kia Motors Am., Inc., 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6, 2014))). The underlying litigation also allows for the resolution of discovery disputes through telephonic conference, thereby reducing the burden on Mintz Levin's Massachusetts−based attorneys. Moreover, the underwriters that were represented by Mintz Levin, and whose attorney−client privilege is relevant to the resolution of the instant motion, apparently have consented to the jurisdiction of the Central District of California.

For the foregoing reasons, it is hereby ordered that Plaintiff's motion to transfer ECF No. 7 is GRANTED. It is further ordered that the motion to compel ECF No. 1 shall be transferred to the U.S. District Court for the Central District of California.

(McDonagh, Christina) (Entered: 03/28/2018)